**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CRIM. NO. 16-0009 (TSC)** |
| **v.** | **:** | |
| | **:** | |
| **JOSEPH RICKY PARK,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |
| | **:** | |

_____

**DEFENDANT'S MOTION FOR RELEASE AND RESPONSE TO UNITED STATES'**
**MOTION TO CONTINUE DETENTION PENDING APPEAL**

Pursuant to 18 U.S.C. § 3143(c), Joseph Ricky Park, through undersigned counsel,

hereby moves for release and responds to the United States of America's Motion and Amended

Motion to Continue Detention Pending Appeal ("Gov't Mot."), ECF Nos. 37, 39.

Mr. Park is currently incarcerated for conduct that cannot be federally criminalized or

prosecuted. *See generally* Mem. Op. (Feb. 28, 2018), ECF No. 35.  The government argues that

Mr. Park should continue to be detained pending the United States' appeal of the Court's order

dismissing the indictment for "all of the reasons found by the Court in detaining the Defendant

pending trial."  Gov't Mot. at 3.  However, after the Court's Memorandum Opinion and Order

dismissing the indictment in this case, the Detention Memorandum, ECF No. 4, no longer

justifies Mr. Park's continued detention.

The determination of whether to grant a person's release or continue his detention

pending an appeal by the government is governed by the standards set forth in 18 U.S.C. § 3142.

*See* 18 U.S.C. § 3143(c).  Significantly, and contrary to the government's assertion, Mr. Park is

no longer "subject to a rebuttable presumption that he should be detained."  Gov't Mot. at 3

1

(citing 18 U.S.C. § 3142(e)(3)(E)).  Mr. Park is no longer charged with violating 18 U.S.C. §

2423(c) because there is no longer any indictment in this case.  Rather, this Court held that "the

application of section 2423(c) to Park's alleged conduct based solely on the nature of the

offenses involved" is unconstitutional.  Mem. Op. at 1, 21.  There is, therefore, no probable

cause to believe that Mr. Park committed an offense under § 2423, and it cannot "be presumed

that no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(E).

Likewise, there is no evidence at all that Mr. Park committed a federally punishable

offense involving sexual abuse of a minor.  Accordingly, the nature and circumstances of the

offense charged and the weight of the evidence (or, complete lack thereof) favor release, rather

than detention.

Mr. Park has arranged to reside with a friend in Silver Spring, Maryland, while the

government's appeal is pending.  The address can be provided to Pretrial Services and the Court

for verification and a release order.  Alternatively, Mr. Park requests that he be permitted to

reside in a shelter in the D.C. area while the appeal in this case is pending so that he may

participate in community reentry programming and obtain employment.  Mr. Park is not a flight

risk because he does not possess a valid passport.  The Court could place him on 24-hour GPS

monitoring, impose a curfew, and/or order any number of other conditions or combinations of

conditions that will reasonably assure the safety of the community and Mr. Park's appearance as

required.  *See* 18 U.S.C. § 3142(c).

Lastly, it should be noted that the government ultimately dismissed its appeal in *Reed*.

*See* Notice Regarding Suppl. Authority, ECF No. 33.  Mr. Park's continued pretrial detention on

an unconstitutional indictment cannot be justified while the government first decides whether to

press the appeal in this case, *see* Gov't Mot. at 2 n.1, or for the months of litigation on appeal that may follow.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the prior briefing on Mr. Park's motion to dismiss and the Court's Memorandum Opinion and Order dismissing the indictment in this case, Mr. Park respectfully requests his immediate release.

Respectfully submitted,

A. J.  KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Celia Goetzl
Assistant Federal Public Defender

Michelle Peterson
Assistant Federal Public Defender

625 Indiana Ave., N.W., Ste. 550
Washington, D.C.  20004
(202) 208-7500